440 F.2d 658
 Archie ARMSTRONG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30437 Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 18, 1971.
 
 Harry L. Hudspeth, El Paso, Tex., for petitioner-appellant.
 Seagal V. Wheatley, U.S. Atty., Victor K. Sizemore, Asst. U.S. Atty., El Paso, Tex., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 We consider an appeal from the district court's denial of a motion to vacate and set aside judgment and sentence pursuant to Title 28, U.S.C. 2255. We affirm.
 
 
 2
 Appellant Archie Armstrong was arrested on or about June 30, 1950, and charged with rape. Since the rape was alleged to have occurred on the military reservation at Fort Bliss, Texas, Armstrong was prosecuted in the federal district court. On October 9, 1950, he appeared with counsel, was arraingned and entered his plea of guilty. On November 2, 1950, the court imposed a 20-year confinement sentence.
 
 
 3
 December 22, 1969, the appellant filed the motion at issue here. The district court appointed counsel to represent Armstrong and held an adversary hearing resulting in the denial of the motion. This appeal ensued.
 
 
 4
 The primary ground advanced in support of the 2255 motion was that the plea of guilty was entered involuntarily and unintelligently. Armstrong testified to the circumstances surrounding the alleged defective plea, including the advice received from former counsel. In refutation of this testimony the government over Armstrong's objection produced the testimony of the two attorneys who had represented the appellant at the time the plea was entered. The attorneys testified in substance that the appellant did not deny to them committing the crime, that he expressed a desire to plead guilty from their initial interview with him, that he did not want to 'fight the case', and that he affirmed that the confession signed by him was knowingly and voluntarily made.
 
 
 5
 Armstrong here asserts that the admission of the testimony of the two attorneys violated the attorney-client privilege under the law of Texas. Article 38.10, Vernon's Annotated Code of Criminal Procedure provides:
 
 
 6
 'All other persons, except those enumerated in Articles 38.06 and 38.11, whatever may be the relationship between the defendant and witness, are competent to testify, except that an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship.'
 
 
 7
 By his brief appellant noted that this Court followed the law of the forum on privileged communications, and that therefore the admission of the testimony of his former counsel was erroneous, citing the original panel decision in United States v. Woodall, 5 Cir. 1970 (May 18, 1970, Nos. 28352 and 28353). Subsequent to the filing of briefs in this case this Court, sitting en banc in Woodall, reversed the holding of the panel. United States v. Woodall, 5 Cir. 1971, 438 F.2d 1317 (February 24, 1971, Nos. 28352 and 28353). In the en banc opinion we held that where one attempts to attack a guilty plea in a federal court upon the ground that it was not intelligently and knowingly entered and offers testimony during the litigation as to conversations with counsel regarding the entry of the guilty plea, he waives the right to claim the attorney-client privilege as to entire scope of that issue. On the basis of the en banc opinion in Woodall, the claim of privilege as to the testimony of the two former attorneys fails.
 
 
 8
 It follows also that appellant's contention that the government failed to meet its burden of proving that his plea of guilty was voluntary is without merit. The facts developed and the law supported the district court's determination that the appellant entered the guilty plea voluntarily and understandingly, and the further determination that the guilty plea was accepted in accordance with F.R.Crim.P. 11 as it read in 1950.
 
 
 9
 Affirmed.